IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TIFFANY ALLEN                                                                    PLAINTIFF

v.                              Civil No. 08-2139

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                   DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Tiffany Allen, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

## Procedural Background

The plaintiff filed her application for SSI on April 5, 2006, due to back pain and psychological problems. (Tr. 47, 99-102, 113, 137, 175-176). Her application was initially denied and that denial was upheld upon reconsideration. (Tr. 84-92). Plaintiff then made a request for a hearing by an Administrative Law Judge (ALJ). An administrative hearing was held on October 25, 2007. (Tr. 39-83). Plaintiff was present and represented by counsel.

At this time, plaintiff was 20 years of age and a tenth grade education. (Tr. 17, 44-46, 119, 121). She had no past relevant work.

On May 29, 2008, the ALJ found that plaintiff's spina bifida occulta, mechanical lower back pain, attention deficit hyperactivity disorder ("ADHD"), anxiety disorder, mood disorder,

and personality disorder were severe, but did not meet or medically equaled one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 13). After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity to lift and carry 50 pounds occasionally and 25 pounds frequently; and, sit, stand, and walk for a total of 6 hours (with normal breaks) in an 8-hour workday. However, plaintiff could not perform work requiring her to drive because she had no drivers license. From a mental standpoint, the ALJ also concluded that plaintiff could perform routine, repetitive work which required mon-complex, simple instructions and where superficial contact was incidental to work with the public; complexity of the tasks was learned and performed by rote with few variables and little judgment; and supervision was concrete, direct, and specific. (Tr. 13). With the assistance of a vocational expert, the ALJ found plaintiff could perform work as a janitor, groundskeeper, and dishwasher. (Tr. 17).

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on October 17, 2008. (Tr. 4-7). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

**Applicable Law**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

2

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

**Discussion**

After reviewing the medical evidence of record, the undersigned finds that the ALJ's RFC is not supported by substantial evidence. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical

3

records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Records indicate that plaintiff had a history chronic lower back pain radiating into her right lower extremity and knee pain. (Tr. 196-210). Plaintiff reported tenderness, moderate morning stiffness, and pain requiring her to frequently change positions (i.e, sit, stand, walk). Examinations prior to the relevant time period revealed a decreased right knee reflex with dysesthesia of the distal upper right calf. She also exhibited a near normal range of motion in her back with marked, diffuse lumbosacral tenderness. X-rays of her lumbar spine taken on this date reveal transitional vertebrae and spina bifida occulta at the S1 level. (Tr. 206). Plaintiff was diagnosed her with chronic lower back pain and prescribed Cyclobenzaprine, Tramadol, and Mobic. (Tr. 205).

On April 3, 2006, plaintiff reported that her lower back pain continued to be problematic. (Tr. 195). Tramadol had helped, but she experienced a quick tolerance for this medication. Mild cellulitis was also noted on her left forearm. The doctor noted that x-ray s of her lumbar spine had revealed spina bifida occulta. An examination showed subjectively secure tenderness at the

4

L5-S1 levels with some spasm. As such, plaintiff was diagnosed with chronic lower back pain, spina bifida occulta, and cellulitis of the left forearm. She was prescribed Cyclobenzaprine and told to discontinue Ibuprofen and Tramadol. The doctor also advised her to use frequent moist heat on her left forearm. (Tr. 195).

On April 26, 2006, plaintiff reported a severe reaction to Paxil. (Tr. 191-194). She also indicated that her back was "locked up real bad" and the pain was getting more severe. Her back pain was reportedly radiating into her right leg. An examination revealed sacral paralumbar spasms with exaggerated palpable tenderness from the L1-L2 to the S1 levels. Plaintiff was diagnosed with mechanical lower back pain and lumbar muscle spasms. She was prescribed Baclofen and Methylprednisolone and told to discontinue the Paroxetine and Cyclobenzaprine. (Tr. 191).

On August 31, 2006, plaintiff re-injured the muscles in her back while moving. (Tr. 268). She also reported additional problems with her right knee. Plaintiff stated that she had originally injured her knee at age 13, while playing basketball. Plaintiff stated that she had undergone an arthroscopy, which revealed that "all the ligaments were torn." She was reportedly placed in an immobilizer for six months, but had experienced some degree of trouble ever since. Plaintiff indicated that she felt a sensation of instability, like her knee was rolling to the outside when she applied downward force. An examination revealed midline lumbar tenderness at the L5-S1 levels, paralumbar spasm, slight effusion and significant tenderness over the medial and lateral joint line and anteromedial tibial surface of the knee. Plaintiff had a strongly positive McMurry's test with pain referred to the medial aspect. The doctor diagnosed her with sacroiliitis on the right side and anatomic derangement and post-traumatic arthritis in the right

5

knee. Plaintiff was prescribed Baclofen and Tylenol III. She was then scheduled for a knee injection and x-rays. (Tr. 268).

On October 23, 2006, plaintiff reported continued right knee pain and stated that her back was "out" due to doing housework. (Tr. 265). An examination revealed tenderness to the medial joint line and diffuse tenderness in the lumbosacral spine. Plaintiff was administered an injection into the knee. The doctor diagnosed her with autonomic derangement of the right knee and acute lumbosacral strain. She was then prescribed Tylenol III and Baclofen. (Tr. 265).

On August 21, 2007, plaintiff indicated that her lumbar pain had increased to the point at which she now needed help with her activities of daily living. (Tr. 255). She described it as sharp, limiting pain with a burning sensation and muscle spasms. An examination revealed tenderness upon palpation of her lumbar spine and some tenderness in the thoracic spine. As such, plaintiff was diagnosed with lower back pain and prescribed Flexeril and Ultram. The doctor attempted to prescribe Mobic, but plaintiff refused it. (Tr. 255).

We note that the only RFC assessment of record was prepared by Dr. Bill Payne, a non-examining, consultative physician who never examined plaintiff. (Tr 219-226). After reviewing plaintiff's medical records, he concluded that plaintiff could lift 50 pounds occasionally and 25 pounds frequently, as well as sit,stand, and walk for about 6 hours during an 8-hour workday. No other limitations were noted. (Tr. 219-226). However, given plaintiff's history of spina bifida occulta, her knee impairment, and the narcotic pain medication prescribed to treat her pain, we do not find that Dr. Payne's opinion constitutes substantial evidence of plaintiff's RFC. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial

6

evidence). It seems clear that plaintiff's impairments might also limit her ability to stand, walk, stoop, crouch, bend, crawl, and climb. Accordingly, we believe remand is necessary to allow the ALJ to develop the record further regarding plaintiff's RFC. *See* 20 C.F.R. §404.944; *Brissette v. Heckler*, 730 F.2d 548 (8th Cir. 1984) (holding that the ALJ is under the affirmative duty to fully and fairly develop the record). On remand, the ALJ is directed to address interrogatories to plaintiff's treating doctors, asking them to review plaintiff's medical records during the relevant time period; complete an RFC assessment regarding plaintiff's capabilities during the time period in question; and, give the objective basis for their opinion, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 0788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). Due to the limited medical evidence, a consultative examination would also be helpful in determining plaintiff's limitations.

On remand, the ALJ should also revisit his determination of plaintiff's severe impairments. Specifically, he should reconsider plaintiff's knee impairment and any resulting limitations. *See Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007) (impairment is not severe if it is only slight abnormality that would not significantly limit mental ability to do basic work activities; claimant bears burden of establishing severe impairment).

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 21st day of January 2010.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)